**Armando CASUCCI, Plaintiff–Appellant,**

v.

**Joseph FAUGHNAN, Charles Patrick Hynes, and William Chapman, Defendants–Appellees.**

**Docket No. 02–7861.**

United States Court of Appeals, Second Circuit.

Sept. 7, 2004.

Norman Pattis, Williams & Pattis, LLC, New Haven, CT (John R. Williams on the brief), for Plaintiff–Appellant.

John J. Radshaw, III, Howd & Ludorf, Hartford, CT (Thomas R. Gerarde, on the brief), for Defendants–Appellees.

PRESENT: JACOBS, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Armando Casucci appeals from a final order, entered in the United States District Court for the District of Connecticut (Dorsey, *J.*) on July 8, 2002, granting summary judgment dismissing Casucci's action under 42 U.S.C. § 1983 against Defendants–Appellees Joseph Faughnan, Charles Patrick Hynes, and William Chapman—all of them former supervisors and coworkers of Casucci in the Police Department of the Town of Clinton, Connecticut.

In 1989 Casucci filed a claim under 42 U.S.C. § 1983 alleging that while Casucci was on his shift, Hynes had grabbed him in a headlock, had dragged him to another room and had thrown him against a wall— apparently in a violent act of workplace roughhousing. The suit was settled before trial and closed in 1990. Beginning in 1999, having left the employment of the

Clinton Police Department, Casucci used Defendants as employment references. Defendants warned Casucci's potential employers that he was an employee who, *inter alia*, "likes to sue everybody" and is "divisive amongst the rank and file." Casucci brought suit under 42 U.S.C. § 1983, alleging that these negative references constituted retaliation for Casucci's 1989 lawsuit against Hynes and thus infringed upon Casucci's free-speech rights under the First Amendment. The district court granted summary judgment in Defendants' favor on July 2, 2002.

"A [government employee] pursuing a claim for First Amendment retaliation must demonstrate that (1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action, so that it can be said that his speech was a motivating factor in the determination." *Cobb v. Pozzi*, 363 F.3d 89, 102 (2d Cir.2003). A lawsuit or petition by a government employee can therefore only give rise to a First Amendment retaliation claim if the subject of the lawsuit or petition touches upon a public concern. *See id.* at 105–06; *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1059 (2d Cir. 1993). "Whether an employee's speech addresses a matter of public concern is a question of law to be determined in light of the content, form, and context of a given statement, as revealed by the whole record." *Luck v. Mazzone*, 52 F.3d 475, 476 (2d Cir.1995) (per curiam) (internal quotation marks and citations omitted).

In relevant part, the district court ruled that the substance of Casucci's 1989 lawsuit concerning a battery inflicted by one employee against another did not implicate a matter of "public concern" and therefore was not protected speech under the First Amendment. On appeal Casucci argues that his 1989 lawsuit touched a matter of public concern because he had alleged "abusive police behavior" and that the "very filing of that suit itself … was a separate exercise of an undisputed First Amendment Right." Appellant's Brief at 12–13. To support these arguments, he asserts that (i) he "prevailed" in his initial § 1983 claim (ii) the misconduct alleged in his initial § 1983 claim was "strikingly similar" to other, successful claims that non-employee plaintiffs have brought against other police departments under § 1983.

These assertions, even if true, would be irrelevant. The question is not whether Casucci's claim against Hynes in 1989 had merit, but whether the gravamen of that suit—a battery claim based on an apparently purely personal altercation—implicated a "public concern" and was therefore protected speech. Aside from characterizing Hynes' alleged conduct as "abusive police behavior," Casucci does not attempt to claim that his initial § 1983 suit alleged any corrupt or unconstitutional policies, procedures, or abuses in the Clinton Police Department; nor does he allege that his 1989 suit implicated *any* other plausible topic of public concern. His claim of First Amendment retaliation must fail, therefore, as a matter of law.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.